UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DAVID S. HENDRICKS, an individual d/b/a CLIPART DESIGN USA,<br><br>Plaintiff,<br><br>vs.<br><br>DAN SPANGLER, an individual, CATHY DAVIS, an individual, YAHOO! INC., a foreign corporation, and eBay Inc., a foreign corporation.<br><br>Defendants. | NO. _____<br><br>**COMPLAINT FOR COPYRIGHT INFRINGMENT**<br><br>**JURY TRIAL DEMANDED** |

David S. Hendricks alleges for his Complaint against Defendants as follows:

### I. NATURE OF THE CASE

1.1. This is an action for copyright infringement.

1.2. David S. Hendricks ("*Hendricks*"), through his business Clipart deSIGN USA ("*CDU*"), designs, publishes, licenses, distributes and sells copyrighted vector images. Defendant Dan Spangler ("*Spangler*") along with Cathy Davis ("*Davis*") willfully infringed CDU's copyrights, by copying, displaying, selling, and distributing copies of CDU's images without authorization from CDU. As the copyright holder, CDU brings this lawsuit to enjoin Defendants from further committing copyright infringement and to recover damages from

COMPLAINT FOR COPYRIGHT INFRINGEMENT - 1

BALASUBRAMANI LAW
8426 40TH AVE SW
SEATTLE, WASHINGTON 98136
telephone (206) 529-4827
fax (206) 260-3966

Dockets.Justia.com

Defendants' exploitation thereof. Plaintiff has provided notice to both Yahoo! Inc. ("*Yahoo*") and eBay Inc. ("*eBay*"), who are both – despite clear signs of Spangler's and Davis's infringements – continuing to materially assist and provide infrastructure to Spangler and Davis which make possible the infringing activity.

## II. JURISDICTION AND VENUE

2.1. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this is an action for copyright infringement arising under the Copyright Act of 1976, 17 U.S.C. §§ 101 et seq.

2.2. Yahoo and eBay are subject to general jurisdiction in the State of Washington by virtue of regularly transacting business here. Spangler and Davis availed themselves of the laws and benefits of the State of Washington, by willfully infringing upon CDU's copyrights knowing that CDU would be affected thereby in the state of Washington. Spangler and Davis maintain a website – through which they make available infringing works – which is accessible to Washington residents. In addition, they have engaged in sales of their products to residents of the State of Washington.

2.3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (c) because CDU resides in this judicial district and because the damaged suffered by CDU occurs in this judicial district. Venue is also proper under 28 U.S.C. § 1400(a) because Defendants have engaged in infringing activities within this judicial district.

## III. PARTIES

3.1. Plaintiff CDU is a sole proprietorship (owned and operated by Hendricks) with its principal place of business located in Sedro Woolley, Washington.

3.2. Defendant Dan Spangler is a resident of the State of Ohio. Defendant Cathy Davis is a resident of the State of Indiana. Spangler and Davis have conducted extensive business on the internet, including via eBay and Yahoo. Spangler and Davis are believed to have worked in concert with each other and provided material assistance to one another.

3.3 On information and belief, Defendant Yahoo! Inc. is a Delaware

BALASUBRAMANI LAW
8426 40TH AVE SW
SEATTLE, WASHINGTON 98136
telephone (206) 529-4827
fax (206) 260-3966

corporation with its principal place of business at 701 First Avenue, Sunnyvale, California 94089.

3.4 On information and belief, Defendant eBay Inc. is a Delaware corporation with its principal places of business at 2145 Hamilton Avenue, San Jose, California 95125.

## IV. FACTS

**Ownership of the copyrighted Works.**

4.1. CDU is, and at all times relevant to the matters alleged in this Complaint was, engaged in the business of designing, publishing, licensing, distributing and selling wholly original vector images. Vector images are computer designed images which are scalable without distortion, and are used in a wide variety of businesses and applications, including graphic design, sign making, vinyl cutting, screen printing, large format printing, digital transfers, embroidery digitizing, desktop publishing, flash animations, web design, logo design, photo design, routing, glass etching and engraving. CDU's business is dedicated to designing, publishing, licensing, and distributing CDU's copyrighted works. Since its inception in 2002, CDU has developed over 50,000 original vector images in eighty separate collections, and employs over twenty artists and illustrators, in both the United States and Europe. CDU engages in retail sales of its images via its website accessible at http://www.clipartdesign.com. CDU also actively licenses the use, distribution and re-sale of its images and collections.

4.2. CDU owns the copyrights in question with respect to which it is claiming infringement in this case (the "*Works*").

4.3. CDU is the sole and exclusive owner of all of rights in the Works, including all copyrights therein.

**Defendants' Acts of Infringement**

4.4. Around late December 2007, CDU demanded that Spangler cease and desist from infringing on the Works.

4.5. Spangler agreed, and represented to CDU that Spangler would cease selling

the Works and would "remove" (and cease exploiting) all of CDU's Works from the collections made available by Spangler.

4.6. CDU recently discovered that Spangler and Davis (through eBay) were making available infringing copies of the Works. Some of these were images which Defendants expressly agreed to stop selling and distributing.

4.7. CDU also discovered that Spangler and Davis continued to sell infringing images through a Yahoo store operated by Spangler and Davis, and distributed infringing images through a Yahoo-hosted website owned or controlled by Spangler and Davis.

4.8. CDU has never granted Spangler and Davis any rights in or to the Works. Spangler and Davis knew that they did not have any rights in and to the Works and that they were not entitled to exploit the Works.

4.9. eBay previously permanently banned Spangler as a seller on eBay. However, although CDU has provided eBay with proof that Spangler (in conjunction with Davis) continues to sell and distribute infringing materials on eBay (under eBay User ID "*cutreadyclipart*"), eBay has not taken any action to prevent infringements by Spangler and Davis. Similarly, CDU provided Yahoo notice that Spangler and Davis were engaging in infringements through a Yahoo-hosted website and store. Yahoo has yet to take action to prevent such infringements.

**Damage to CDU**

4.10. The acts by Spangler and Davis of copying, displaying, distributing and selling CDU's Works constitute copyright infringement, and deprived and continue to deprive CDU of revenues to which it would otherwise be entitled. Moreover, it deprives CDU, as sole copyright holder, of the right to control the publication, display, distribution and sale of the Works.

4.11. The natural, probable, and foreseeable result of the foregoing wrongful conduct has been, and will continue to be, to deprive CDU of the benefits of licensing the Works to an authorized party, and to deprive CDU of goodwill, and to injure CDU's

BALASUBRAMANI LAW
8426 40TH AVE SW
SEATTLE, WASHINGTON 98136
telephone (206) 529-4827
fax (206) 260-3966

reputation and control over the Works.

  4.12. As a direct and proximate result of foregoing the acts, CDU has already suffered irreparable damage and has sustained lost profits.  CDU has no adequate remedy at law to redress all of the injuries that the foregoing actions have caused and intend to cause by their conduct.  CDU will continue to suffer irreparable harm and sustain lost profits until the foregoing actions are enjoined by this Court.

## V. FIRST CLAIM – COPYRIGHT INFRINGEMENT (AGAINST SPANGLER AND DAVIS)

  5.1. Plaintiff incorporates the allegations set forth in paragraphs 1.1 through 4.12 above as though fully set forth herein.

  5.2. CDU owns all rights, title, and interest in and to the Works, including all exclusive rights in copyright.

  5.3. By their actions as alleged above, Spangler and Davis have infringed and will continue to infringe on CDU's copyrights in and relating to the Works by displaying, distributing, and selling the Works.  *See* 17 U.S.C. § 106.

  5.5. By their actions as alleged above, Spangler and Davis have infringed and will continue to infringe on CDU's exclusive right to create derivative works of the Works.

  5.6. CDU is entitled to an injunction restraining Spangler and Davis and their agents and employees, and all persons working in concert with them, from engaging in any further such acts in violation of the copyright laws.

  5.7. CDU is further entitled to recover from Spangler and Davis the damages, including attorneys' fees, it has sustained and will sustain, and any gains, profits, and advantages obtained by Spangler and Davis, as a result of the acts of infringement alleged above.  At present, CDU cannot fully ascertain the amount of such damages, gains, profits, and advantages.

## VI. SECOND CLAIM – INJUNCTIVE RELIEF (AGAINST YAHOO & EBAY)

  6.1. Plaintiff incorporates the allegations set forth in paragraphs 1.1 through 5.7 above as though fully set forth herein.

BALASUBRAMANI LAW
8426 40TH AVE SW
SEATTLE, WASHINGTON 98136
telephone (206) 529-4827
fax (206) 260-3966

6.2. CDU owns all rights, title, and interest in and to the Works, including all exclusive rights in copyright.

6.3. Despite receiving notice from CDU, eBay and Yahoo continue to provide material assistance to and receive monetary benefit from the infringing actions of Spangler and Davis. CDU seeks injunctive relief (i.e., no monetary damages) against eBay and Yahoo as authorized under the Digital Millennium Copyright Act.

6.4. CDU is entitled to an injunction requiring Yahoo and eBay to cease providing material assistance to Spangler and Davis in connection with the infringing activities of Spangler and Davis (i.e., by terminating the accounts of Spangler and/or Davis through which the infringing activities were conducted).

6.5. CDU is entitled to an injunction requiring Yahoo and eBay to take down any infringing images which Yahoo or eBay currently host or make available.

### VII. RELIEF REQUESTED

WHEREFORE, Plaintiff CDU prays for the following relief:

1. That this Court find that Defendants have infringed on CDU's copyrights in the Works.

2. That Defendants, and their agents, joint venturers, servants, employees, and all other persons in active concert or privity or in participation with them, be enjoined from directly or indirectly infringing on CDU's rights in the Works including the rights to sublicense, sell, distribute, reproduce, publicly display, market, license, lease, transfer, advertise, or develop derivatives of the Works.

3. That Defendants be required to file with the Court and to serve on CDU, within thirty (30) days after service of the Court's order as herein prayed, a report in writing under oath setting forth in detail each and every website that Defendants have used to display, advertise, distribute and/or sell copies of CDU's Works.

4. That the Court issue an order to the owners of each website which Defendants have used to display, advertise, distribute and/or sell copies of CDU's Works, directing the

BALASUBRAMANI LAW
8426 40TH AVE SW
SEATTLE, WASHINGTON 98136
telephone (206) 529-4827
fax (206) 260-3966

owners of those sites to permanently suspend all of Defendants' user accounts, or otherwise permanently prevent Defendants from utilizing those websites to display, advertise, distribute and/or sell copies of CDU's Works.

5. That Defendants be required to file with the Court and to serve on CDU, within thirty (30) days after service of the Court's order as herein prayed, a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the Court's order.

6. That Defendants be required to file with the Court and to serve on CDU, within thirty (30) days after service of the Court's order as herein prayed, a report in writing under oath setting forth in detail each sale, distribution, reproduction, public display, marketing, license, lease, transfer, advertisement, or development of any works derived or copied from the Works.

7. That Defendants be required to account for all gains, profits, and advantages derived from their acts of infringement, including the provision of an accounting of revenue or other consideration generated from the sale, distribution, reproduction, public display, marketing, license, lease, transfer, of the Works.

8. That all gains, profits, and advantages derived by Defendants from their acts of infringement and other violations of law be deemed to be held in constructive trust for the benefit of CDU.

9. That judgment be entered for CDU and against Defendants for CDU's actual damages according to proof, and for any profits attributable to infringements of CDU's copyrights in accordance with proof.

10. That CDU have judgment against Defendants for CDU's costs and attorneys' fees.

11. That the Court grant such other, further, and different relief as the Court deems proper under the circumstances.

DATED this 29th day of October, 2008.

BALASUBRAMANI LAW
8426 40TH AVE SW
SEATTLE, WASHINGTON 98136
telephone (206) 529-4827
fax (206) 260-3966

1     Respectfully Submitted,

2                            **BALASUBRAMANI LAW**

3                            /s/Venkat Balasubramani

4                            _____
                                Venkat Balasubramani, WSBA #28269

5                            8426 40th Ave SW
                           Seattle, WA 98136
                           Tel:   (206) 529-4827

6                          Fax:  (206) 260-3966
                           Email: venkat@balasubramani.com

7

8                          For Plaintiff

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

BALASUBRAMANI LAW
8426 40TH AVE SW
SEATTLE, WASHINGTON 98136
telephone (206) 529-4827
fax (206) 260-3966